## DEWEESE, etc. v DYKES REALTY CORPORATION
### Case No. 85-3869-CA
Fifth Judicial Circuit, Marion County

September 2, 1986

### APPEARANCES OF COUNSEL

**Horace E. Hill, Sr.,** for appellant.

**Robert D. Wilson,** and **Ralph J. McMurphy,** for appellee.

Before Angel, Aulls, Lockett, JJ.

### OPINION OF THE COURT

CARVEN D. ANGEL, Circuit Judge.

Dykes Realty Corporation sued Alton DeWeese for a broker's fee and money spent to improve a tract of land. The Sheriff's return of summons showed personal service 13 January, 1983 at Route 4, Box 2050, Citra, Florida. After default, final judgment for $4,535 was entered 4 March, 1983, and a copy mailed to DeWeese on 3 March, 1983 at Route 4, Box 2050, Citra, Florida. The copy was not returned. On 6 October 1983, the judgment was amended to show the Defendant as "a/k/a/ Alton DeWese." This amendment was entered without notice to DeWeese; however, a copy of the amended judgment was

mailed to DeWeese at Route 4, Box 2050, Citra, Florida and not returned.

Following Dykes' instructions, the Sheriff sold 6 tracts of land belonging to DeWeese on 22 December, 1983 for $55,150.00. After costs, the Sheriff applied $26,493.09 to writs upon prior judgments against DeWeese and held $23,360.12 to be returned to him. The $26,493.09 was disbursed upon writs to Williams Well Drilling for $303.66; Munroe Memorial Hospital for $222.98; Seminole Stores for $12,228.68; Massey-Ferguson Credit Corporation for $12,495.12; and Gold Kist, Inc. for $1,242.65.

Williams Well Drilling obtained judgment against DeWeese 28 December 1976 in Marion County Court Case No. 76-2225, based on Sheriff's substitute service on his mother. The Court file shows his address as Post Office Box 321, Citra, Florida.

Munroe Memorial Hospital obtained judgment against DeWeese 2 April, 1971 on personal certified mail service, return receipt signed by DeWeese showing address of Post Office Box 314, Citra, Florida, in Marion County Small Claims Court Case No. 71-660.

Gold Kist, Inc., obtained judgment against DeWeese 16 May, 1983 on substitute Sheriff's service upon his mother at Route 4, Box 2050, Citra, Florida, in Marion County Court Case No. 82-655-CC.

Seminole Stores, Inc., obtained judgment against DeWeese 28 September, 1981 in Marion County Circuit Court Case No. 77-2490 based on personal service by the Sheriff, showing DeWeese's address as Post Office Box 314, Citra, Florida. Seminole Stores sued on a written promissory note. DeWeese retained Ocala attorney, Lewis E. Dinkins, who answered for DeWeese admitting execution of the note, but disputed the amount due.

Massey-Ferguson Credit Corporation obtained judgment against DeWeese 9 May, 1983, based on Sheriff's substitute service on his mother at Route 4, Box 2050, Citra, Florida, in Marion County Circuit Court Case No. 83-747.

Following Sheriff's sale on 22 December, 1983 in the instant case, DeWeese filed, on 9 February 1984, an independent action in Marion County Circuit Court, Case No. 84-346. DeWeese sued each of the foregoing judgment creditors, except Williams Well Drilling, seeking to cancel the Sheriff's sale. He alleged that the Dykes' judgment was void because it was amended without prior notice to him and further because the sale price was grossly inadequate compared to an alleged value of $300,000.00. After a full evidentiary hearing, the Circuit Judge

denied the petition to set aside the Sheriff's sale. Among other things, evidence indicated DeWeese was aware of the sale because he attempted to obtain other financing. Further, in addition to the $55,150.00 paid at the sale, the purchaser paid off $73,122.67 for a mortgage in default and approximately $3,200 for outstanding tax certificates. The Circuit Judge's Order was affirmed Per Curiam by the Fifth District Court of Appeal on May 21, 1985. On August 6, 1985, the Supreme Court of Florida denied review.

Having lost his independent action to attack the Dykes judgment and execution process, DeWeese brought the instant proceeding on August 26, 1985, in the court which entered the Dykes judgment. He attacked the Court's jurisdiction for lack of service of process and asserted numerous other grounds to set aside the default judgment, levy, sale, and Sheriff's deed. Upon motion by Dykes, the County Judge dismissed DeWeese's petition with prejudice, finding no justiciable issue of law or fact and reserving jurisdiction to assess attorney's fees. DeWeese appeals this order.

We have again considered this entire matter. We find that Mr. DeWeese had an adequate and fair opportunity to raise in his independent action all the issues he attempts to raise in this proceeding. The judgment in that action has been affirmed on appeal. Res judicata bars further consideration of the issues Mr. DeWeese now raises. Accordingly, the order of the trial court is affirmed, and this cause is remanded to assess attorney's fees at trial and on appeal.

Aulls, Lockett, concur.